2024 IL App (1st) 240278-U

No. 1-24-0278B

Order filed May 15, 2024

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 111251101 |
| | ) | |
| EDWIN QUINTERO, | ) | Honorable |
| | ) | Maryam Ahmad, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE ODEN JOHNSON delivered the judgment of the court.
Justices C.A. Walker and Tailor concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court properly complied with this court's directives on remand; the State met its burden of proving that no conditions or combination of conditions could mitigate defendant's willful flight; the trial court did not abuse its discretion in ordering defendant's detention when it articulated specific alternative restrictions that it considered and specified why those specific alternatives would not mitigate defendant's likelihood of willful flight.

¶ 2    This case is before us after a remand in January 2024 for a new pretrial detention hearing following our finding that the trial court abused its discretion in finding that no condition or

combination of conditions could mitigate defendant Edwin Quintero's willful flight but did not articulate specific alternative restrictions that it considered or why those specific alternatives would not mitigate defendant's likelihood of willful flight. *People v. Quintero*, 2024 IL App (1st) 232129 (Quintero I). At the remand hearing on January 23, 2024, the trial court again ordered that defendant be held in pretrial custody, finding that defendant's multiple attempts to elude law enforcement indicated a lack of respect for authority and an increased likelihood of not adhering to conditions. The trial court indicated that it believed that electronic monitoring and home confinement offered too many opportunities for defendant not to be supervised. Defendant appeals, contending that: (1) he was denied an opportunity for a fair hearing prior to the entry of the order denying his pretrial release; (2) the State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions can mitigate defendant's willful flight; and (3) the trial court erred in its determination that no condition or combination of conditions could reasonably ensure the appearance of defendant for later hearings or prevent him from being charged with a subsequent felony or Class A misdemeanor. For the following reasons, we affirm.

¶ 3                                          BACKGROUND

¶ 4     As noted above, this is the second time this case has been before us, and the underlying facts were fully set forth in Quintero I. Accordingly, we will only recite such facts as necessary to determine this appeal.

¶ 5     Defendant first appealed the trial court's September 28, 2023, pretrial detention order in a timely notice of appeal filed October 5, 2023, and a Rule 604(h) (eff. Sept. 18, 2023) memorandum. Defendant was charged in the underlying case with possession of a stolen motor

vehicle, aggravated fleeing and damage greater than $300, and aggravated assault of a peace officer with a motor vehicle. After hearing, the trial court granted the State's petition to detain defendant, on a willful flight risk basis, and denied defendant pretrial release.

¶ 6    At the hearing on the State's motion to detain, the State presented evidence that defendant, who was driving a stolen vehicle, refused to stop for police before he crashed and got the vehicle stuck between a wall and light pole. A police officer demanded that the occupants of the vehicle exit, however, the vehicle accelerated towards the officer, but did not hit him. After a police vehicle and city work truck subsequently blocked the vehicle from moving, defendant exited the vehicle and attempted to run away. However, he was detained approximately a half block away. The State indicated that defendant made post-*Miranda* statements that he knew the vehicle was stolen but he did not try to hit the police officer.

¶ 7    In mitigation, defendant's counsel argued that defendant was 19 years old and a lifelong Chicago resident. His mother and pregnant fiancée, who was the mother of his other child, were present at court to support him. While defendant dropped out of high school before graduating, he earned a food handling certificate and worked as a dishwasher in a restaurant.

¶ 8    The State presented defendant's background, which included a pending traffic matter for failure to obey a traffic signal and a domestic battery case that resulted in an order of protection against him. Defendant missed a court date for the traffic violation but had no failures to appear or violations on the order of protection. On the pretrial services assessment, defendant scored a two for new criminal activity and a one for his failure to appear.

¶ 9    The State argued that defendant had a high likelihood of willful flight based on his multiple attempts to avoid arrest during the underlying encounter with police. Defendant responded that

willful flight referred to his intention to thwart the judicial process to avoid prosecution and that police officers were not members of the judiciary. Additionally, defendant argued that there were conditions that could be imposed short of detention.

¶ 10     The trial court granted the State's motion for detention, finding that defendant's flight from law enforcement was flight from prosecution because "officers trigger the prosecution process." The court concluded that defendant had a high likelihood of flight to elude prosecution and ordered him detained pending trial. The trial court read defendant his rights and noted for the record that "no least restrictive condition, based on these allegations, can ensure defendant's return to court or mitigate the risk to public safety." The trial court further indicated in the detention order that no condition or combination of conditions could mitigate defendant's willful flight because "defendant has shown an inability to comply with the commands of law enforcement officers, in disregard of his safety, and others. He has also demonstrated his refusal (unless forced) to comply and accede to the judicial system." The trial court also stated that defendant posed a real and present threat to the safety of any person or persons or the community because "defendant refused to comply with law enforcement officers; he crashed into a building and pole trying to flee and drove at an officer. It took a city truck and another car to stop him."

¶ 11     On appeal, we found that the plain language of 725 ILCS 5/110-6.1(a)(8) (West 2022), coupled with the definition of willful flight as found in section 110-1(f) clearly referred to a defendant's willful avoidance of prosecution in court by failing to appear at court hearings and similar behaviors. Under a plain reading of that section, we concluded that a defendant who evaded arrest would not trigger "willful flight from prosecution" of section 110-6.1(a)(8) because arrest does not equal prosecution; the prosecution of the offense has not begun.

¶ 12    However, we also found that trial court could consider evasion of arrest under section 110-5(a)(5) (725 ILCS 110-5(a)(5) (West 2022)) when considering pretrial release as that section specifically refers to obstruction or the attempted obstruction of the criminal justice system that would be posed by defendant's release as arrest is clearly part of the criminal justice system. We concluded that the trial court's consideration of defendant's evasion of arrest was proper in the overall consideration of defendant's pretrial release.

¶ 13    We also found that there was no evidence in the record that the trial court considered any alternatives to defendant's detention in violation of the Code[1]; thus, we concluded that its order denying pretrial release was an abuse of discretion and remanded for consideration of defendant's detention alternatives. We further found that the portion of the trial court's detention order that concluded that defendant's pretrial release posed a real and present threat to the safety of any person or persons, or the community was error. Both parties agreed that the State did not file a verified petition setting forth the grounds, including specific articulable facts, that defendant posed a real and present threat to the safety of any person(s) or the community, thus such finding was error, and we reversed that portion of the trial court's findings. The matter was then remanded for consideration of defendant's detention alternatives.

¶ 14    On remand, the trial court indicated that it would only readdress the issue regarding the lack of evidence on the record supporting why no detention alternatives would mitigate defendant's risk of willful flight. Defendant argued that this court had addressed the first prong of the willful flight analysis and that our disposition contained a discrepancy because we also found

---

[1] Pretrial release is governed by Article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-1 *et seq* (West 2022)).

that the trial court could consider defendant's evasion of arrest under section 110-5(a)(5). He argued that only section 110-6.1 applied and that the trial court should reconsider whether or not defendant posed a flight risk. In response, the trial court indicated that it believed our reading of section 110-6.1 to be dicta and not a holding, and that it was proper to consider defendant's evasion of arrest in its prior determination of willful flight. The trial court further indicated that until further clarification via holding happened, it's decision as to the first prong stood. The trial court then allowed both sides to supplement their respective arguments regarding whether detention was appropriate.

¶ 15    At the end of the hearing, the trial court again granted the State's detention request, stating that it weighed defendant's multiple attempts to elude law enforcement, which showed defendant's lack of respect for authority and increased likelihood of not adhering to conditions. The court found that electronic monitoring and home confinement offered too many opportunities for defendant to be unsupervised.

¶ 16    Defendant filed his timely notice of appeal on February 6, 2024.

¶ 17                          ANALYSIS

¶ 18    On appeal, defendant contends that: (1) he was denied an opportunity for a fair hearing prior to the entry of the order denying his pretrial release; (2) the State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions can mitigate defendant's willful flight; and (3) the trial court erred in its determination that no condition or combination of conditions could reasonably ensure the appearance of defendant for later hearings or prevent him from being charged with a subsequent felony or Class A misdemeanor.

¶ 19                    A. Denial of a Fair Hearing

¶ 20     Defendant first contends that he was denied a fair hearing prior to the entry of his detention order because the trial court refused to reopen the analysis of whether he posed an actual risk of willful flight. He argues that the trial court conflated the separate prongs of the relevant analysis; a trial court must first find that a defendant had a high likelihood of willful flight to avoid prosecution before it could decide whether any conditions could mitigate the risk of willful flight. We disagree with defendant's contention that he was denied a fair hearing because the trial court refused to reopen the analysis of flight risk. It is well settled that, when a cause is remanded by a reviewing court with instructions to the trial court to enter a specific order, the reviewing court's judgment is, with respect to the merits, the end of the case, and there is nothing which the trial court is authorized to do but to enter the decree. *People v. Brown*, 2022 IL 127201, ¶ 20. The trial court has no discretion on remand to take any further action on the merits, but must do as directed. *Id.* On remand, the trial court has no power to do anything but carry out the specific directions of the mandate (*Id.* ¶ 21), namely, in this case, to consider detention alternatives before entering a pretrial detention order. Thus, the trial court had no jurisdiction to reopen the analysis of whether defendant was a flight risk as that was outside the scope of remand. Indeed, the trial court opened the hearing by noting that it was pursuant to the remand directive by this court to hear argument and conduct the hearing specifically on the issue of considering detention alternatives as required by the statute prior to ordering defendant's confinement. Therefore, we reject defendant's contention that his hearing on remand was not fair because the trial court declined to exceed the scope of the remand.

B. Whether Defendant's Detention Was Proper (Defendant's Issues 2 and 3)

¶ 21     Next, defendant contends that, on remand, the State failed to meet its burden of proof that no condition or combination of conditions can mitigate his willful flight and the trial court erred in its determination that no condition or combination of conditions could reasonably ensure the appearance of defendant for later hearings or prevent him from being charged with a subsequent felony or Class A misdemeanor. Defendant argues that the State's attempt to characterize his attempts to flee from police as three separate instances instead of one single interaction stretches the "proffered facts beyond their logical extremes."

¶ 22     We previously examined defendant's contention that the State failed to prove by clear and convincing evidence that no conditions could mitigate his risk of flight in Quintero I. Although the State has not filed a response to defendant's appellate memorandum in the current case, in Quintero I, the State responded that defendant's use of violence and multiple attempts to avoid arrest, including twice trying to elude the police by car and once on foot, fully established that no conditions would mitigate defendant's willful flight where he did not place the safety of others above his own self-interest in avoiding arrest.

¶ 23     As noted previously, Article 110 of the Code governs pretrial release. See 725 ILCS 5/110-1 *et seq.* (West 2022). A defendant may only be denied pretrial release in certain statutorily limited situations. *Id.* §§ 110-2(a), 110-6.1. After filing a timely verified petition requesting denial of pretrial release, the State has the burden to prove by clear and convincing evidence that (1) the proof is evident or presumption great that defendant committed a detainable offense, (2) defendant poses a real threat to a person, persons, or the community or is a flight risk, and (3) no conditions could mitigate this threat or risk of flight. *Id.* § 110-6.1(e).

¶ 24    If the trial court finds the State proved defendant's likely willful flight to avoid prosecution, the trial court must then determine what pretrial release conditions, if any, will reasonably ensure the appearance of defendant as required and the likelihood of compliance with all the conditions of pretrial release. *Id.* § 110-5(a). In reaching its determination, the trial court must consider (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; (4) the nature and seriousness of the specific, real, and present threat to any person that would be posed by the defendant's release; and (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. *Id.* § 110-5(a). The statute lists no singular factor as dispositive. See *id.*

¶ 25    Our standard of review of pretrial release determinations is twofold. The trial court's factual findings are reviewed under the manifest weight of the evidence standard. *People v. Johnson*, 2023 IL App (5th) 230714, ¶ 14; *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill. 2d 322, 332 (2008). "Under the manifest weight standard, we give deference to the trial court as the finder of fact because it is in the best position to observe the conduct and demeanor of the parties and witnesses." *Id.* The trial court's ultimate pretrial release determination will not be reversed unless the determination was an abuse of discretion. See *Johnson*, 2023 IL App (5th) 230714, ¶ 13; *Trottier*, 2023 IL App (2d) 230317, ¶ 13. "An abuse of discretion occurs where the circuit court's decision is arbitrary, unreasonable, or fanciful or where no reasonable person would have taken the position adopted by the circuit court." *People v. Heineman*, 2023 IL 127854, ¶ 59. It is clear that under the Code, the trial court could either order defendant's release with conditions,

or upon the State's petition, deny his release altogether. *People v. Davidson*, 2023 IL App (2d) 230344, ¶ 19.

¶ 26    Based on the record before us, we reject defendant's contentions. First, the record does not support a finding that the State failed to prove by clear and convincing evidence that there were no conditions to mitigate risk of flight. The issue raised is one of evidentiary sufficiency as it relates to the State's obligations. When considering sufficiency of the evidence arguments, the reviewing court must view such evidence in the light most favorable to the State, meaning that the reviewing court must allow all reasonable inferences from the record in favor of the State. *People v. Cunningham*, 212 Ill. 2d 274, 280 (2004).

¶ 27    Here, the record reveals that the trial court gave both parties the opportunity to supplement their arguments as to this issue. Defendant argued that he was a lifelong Chicago resident, had a baby on the way and parented another child with his fiancée, his mother was present to support him, he had secured a job at a restaurant prior to this case and he had a location to do electronic monitoring, although he requested full pretrial release. Defendant also cited his low risk score of two as support that an alternative to detention was warranted.

¶ 28    In response, the State again cited the circumstances leading to the charges against defendant: that he was driving a car which he knew was stolen; he refused to stop for police when they attempted a traffic stop; after crashing the stolen vehicle, defendant drove towards one of the officers who had to jump out of the way; after being boxed in by a police car and city truck and unable to move the vehicle again, defendant ran from the vehicle before he was apprehended a half block away. The State noted that the most restrictive release that could be imposed was electronic monitoring, but that it could not mitigate the risk as it could be walked away from or cut off and it

is a system that requires the following of rules. The State argued that defendant had shown that he did not have the ability to follow rules as he did not stop when police were trying to stop him and even when they approached, defendant attempted to drive away.

¶ 29    Defendant's argument misconstrues the record; the State clearly argued that defendant's willful failure to comply with police directives and attempt to flee (whether such flight is considered to be one single ongoing occurrence or three separate occurrences) showed that defendant would also willingly fail to comply with the court's orders and that even electronic monitoring would be insufficient. The State expressly provided argument to support its conclusion that no conditions could mitigate defendant's risk of willful flight, despite his minimal criminal history, which was a proper consideration under section 110-5 of the Code. We also note that defendant had a prior order of protection against him and had missed a court date for a pending traffic matter. Further, it bears noting that one of the offenses defendant was charged with is aggravated fleeing and damage greater than $300, and defendant admitted that he knew the car was stolen. We find that the State's proffered evidence met its burden of proof under the Code.

¶ 30    Likewise, we reject defendant's contention that the trial court abused its discretion in ordering his pretrial detention. The trial court indicated that it was weighing the allegations of defendant's multiple attempts to elude law enforcement. The court noted that it considered court supervision by Pretrial Services and electronic monitoring to be the same in that they required defendant to follow rules, obey orders and comply with lawful directives. The court found that defendant fled several times from law enforcement which it characterized as repeated and escalated attempts; initially he drove away, then nearly struck an officer, continuing to move the vehicle away before hitting a pole and then a building. The court found that such behavior indicated a lack

of respect for authority and an increased likelihood of not adhering to conditions, while noting that both electronic monitoring and home confinement require strict adherence to conditions. The court indicated that it was concerned, based on the nature of the flight in the case, that defendant would not be likely to comply with such restrictions, and that they both offered too many opportunities for defendant to be unsupervised. The court fully complied with this court's remand in considering detention alternatives and the requirements of section 110-6.1(h)(1) in finding that such supervision was necessary in light of the circumstances to ensure that defendant does return to court before it again entered a detention order for defendant. The record is clear that the trial court provided reasoning for why it could not find any conditions of pretrial release that could mitigate defendant's willful flight. We cannot say that it was an abuse of the trial court's discretion to order defendant's detention.

¶ 31                                  CONCLUSION

¶ 32      The judgment of the circuit court of Cook County is affirmed.

¶ 33      Affirmed.